FILED
2022 Apr-04  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| United States District Court for the Northern District of Alabama 101 Holmes Avenue Huntsville, Alabama. 35801 | ~~FILED~~ 2022 APR -1  A 11: 43 U.S. DISTRICT COURT N.D. OF ALABAMA 3: 22 mc412-CLM |
| In Re; **Redemption of Justin Duane** *On and for the behalf of the* UNITED STATES | |
| | *Miscellaneous* |
| **DEMAND FOR REDEMPTION** | |

**COMES NOW**, Justin Duane of the family WOODS and Redeemed. Demand is made for redemption of central banking currency in Lawful Money in all transactions pursuant to Title 12 USC §411 as amended from §16 of the 1913 Federal Reserve Act. Service to the agent is service to the principal and vice versa. The law is clear - one must make demand for lawful money clear to the Treasury of the United States.

Dear Clerk of Court;

Rule B(1)(c) allows for garnishment actions against Janet Louise YELLEN and her agents. In most cases service to the agent is enough. Presently it is determined that Notice of Demand for Lawful Money shall be upon the Secretary of the Treasury in her capacity as United States Governor of the International Monetary Fund. Please file this Refusal for Cause on the 3176C Letter of March 3, 2022. Thank you in advance for your professionalism.

As instructed in the 3176C Letter, my signature below verifies I have inquired online of Publication 2105 and Notice 2010-33 looking for any material in support of the Frivolous Penalty arguments in the 3176C Letter. Nothing can be found in either citation that applies to redeeming lawful money in order to secure redeeming the mind from the rigors of debt and

central banking in general. If it were possible to legally interfere with my demand for redemption, I feel strongly that Congress would have repealed or amended Title 12 USC §411 long ago so as to avoid any confusion.

Additionally, any and all deviant oaths of office are refused for cause timely. Amidst the specificity required of trained attorneys and judicial officers changing "So help me God." to "SO HELP ME GOD." is strong evidence of fraud.

The law says that all that is required of me is, "They shall be redeemed in lawful money on demand at the Treasury of the United States..." And so it is.

REDEEMED LAWFUL MONEY
PURSUANT TO 12 U.S.C. § 411, 95a (2)

_____
Justin Duane

Duelie McDougal
Signature of Notary Public

My commission expires   MY COMMISSION EXPIRES 1/16/2024

# In the Name and by the Authority of

# The State of Alabama



## ❧ SEND GREETINGS ❧

To  DEBBIE MCDOUGAL

*Reposing full trust in your Prudence, Integrity and Ability, I do, by virtue of the Power and Authority in me vested as Judge of Probate of said County hereby commission you a*

NOTARY PUBLIC FOR STATE AT LARGE

*To have and to hold the said office, together with all the Rights, Power and Emoluments to the same belonging or in anywise lawfully appertaining, during the term prescribed by the Constitution and Laws of the State of Alabama, you shall so long demean yourself well.*



*In Testimony Whereof, I have hereto set my hand, this*  17TH  *day of*  JANUARY

*in the year of our Lord Two Thousand and*  TWENTY

*Daniel Rosser*

*Judge of Probate.*



# State of Alabama
# Department of Revenue

(www.revenue.alabama.gov)
50 North Ripley Street
Montgomery, Alabama 36132

Letter Id:  L1736148576

## NOTICE OF FINAL ASSESSMENT OF INDIVIDUAL INCOME TAX

Mailing Address:

JUSTIN D. & KELLEY A. WOODS
1015 DEARBORN ST
MUSCLE SHOALS, AL 35661-3005

Billing ID:  8022733764R



STATE OF ALABAMA
-VS-
JUSTIN D WOODS  and KELLEY A WOODS
1015 DEARBORN ST
MUSCLE SHOALS, AL 35661-3005

Type of Tax: Individual Income Tax
Taxpayer Identification #: XXX-XX-5867/XXX-XX-4599
Tax Period: 12/31/2019

Under the provisions of §40-2A-7(b), Code of Alabama 1975, the Alabama Department of Revenue
hereby enters a final assessment against the taxpayer named above for the following period(s):
FY(s) ending 12/31/2019

| | |
|---|---|
| Tax | $6,569.00 |
| Interest | $329.40 |
| Late Payment Penalty | $262.76 |
| BALANCE NOW DUE | $7,161.16 |

You have the right to appeal this final assessment to either the Alabama Tax Tribunal or to circuit court.
The appeal must be made within thirty days from the date of mailing or personal service, whichever
occurred earlier, and in strict compliance with the procedures located on the reverse of this notice. Failure
to pay or appeal this assessment may result in the recording of a tax lien and initiation of collection
procedures. If you are in a bankruptcy case, see important information on the reverse side.

Entered: March 17, 2022

STATE OF ALABAMA
DEPARTMENT OF REVENUE

By:  _Curtis E. Stewart_

Deputy Commissioner of Revenue

**ALABAMA DEPARTMENT OF REVENUE**
**Final Assessment Appeal Rights**
**Code of Alabama 1975, Section 40-2A-7(b)(5)**

Letter Id: L1736148576

1. You may appeal your final assessment to the Alabama Tax Tribunal. To do so, you must notify the Tax Tribunal Chief Judge in writing of your intent to appeal. The written appeal notice should contain your name, address, telephone number, type of tax, and the tax period(s) being appealed. Your notice of appeal must also contain a detailed statement of the specific reasons for your appeal. Your appeal may be dismissed if you fail to specify your objections to the final assessment in your notice of appeal. Attach a photocopy of the final assessment to your notice of appeal. If you choose to appeal to the Alabama Tax Tribunal, you must file your written notice of appeal within thirty (30) days from the mailing or personal service date of the final assessment whichever occurred earlier, with the Alabama Tax Tribunal at the following address:

**Alabama Tax Tribunal**
**7515 Halcyon Summit Drive, Suite 103**
**Montgomery, AL 36117**

2. In the alternative, you may elect to appeal your final assessment to the circuit court. This may be done in either Montgomery County, Alabama, or in the circuit court of the Alabama county in which you reside or have your principal place of business. The written appeal should contain your name, address, telephone number, type of tax, and tax period(s) being appealed.

If you choose to appeal to circuit court, you must file your written notice of appeal within thirty (30) days of the final assessment mailing or personal service date, whichever occurs earlier, with both the Secretary of the Alabama Department of Revenue and the clerk of the circuit court in the county where you file your appeal. Mail the Revenue Department's copy to the following address:

**Secretary of the Department**
**Alabama Department of Revenue**
**P. O. Box 327001**
**Montgomery, AL 36132-7001**

Additionally, if you elect to appeal to the circuit court, you must either pay the assessment in full or post a supersedeas bond with the court for 125 percent of the amount of the assessment, file an irrevocable letter of credit with the court in an amount equal to 125 percent of the amount of the assessment, or file a pledge of collateral assignment of securities that constitute eligible collateral under Chapter 14A, Title 41, in an amount equal to 200 percent of the assessment. However, if you have a total net worth of $250,000 or less, you may qualify for a special exception, which provides for the filing of an appeal without either paying the assessment or posting a bond first (§ 40-2A-9(g)(1), Code of Alabama 1975). For more information on this exception, you should contact the circuit court clerk in the county in which you plan to make your appeal.

If you do not wish to appeal this final assessment, your payment for the total amount should be attached to the notice and forwarded to the address shown on the final assessment. A final assessment which is not appealed is as conclusive as a judgment of a circuit court. The Department may then proceed with collection by execution, garnishment, or levy as provided by § 40-29-23, Code of Alabama 1975.

**BANKRUPTCY: If you have filed a bankruptcy and the automatic stay is in effect, the Department will not undertake procedures to collect this assessment outside of the bankruptcy case. Please send your bankruptcy case information, including the bankruptcy case number to the following address or Fax:**

**Legal Division Bankruptcy Section**
**P.O. Box 320001**
**Montgomery, AL 36132-0001**
**Fax: (334)242-9782**

**IMPORTANT: IF YOU HAVE ANY QUESTIONS REGARDING YOUR FINAL ASSESSMENT OR IF YOU WANT PAYMENT INFORMATION, YOU SHOULD CALL THE TELEPHONE NUMBER PROVIDED WITH YOUR FINAL ASSESSMENT.**

ELECTRONIC PAYMENT OPTIONS: You can make payments online with just your Billing Letter ID and account number through My Alabama Taxes (MAT) at https://myalabamataxes.alabama.gov.

You may make a payment using a Discover/Novus, MasterCard, Visa or American Express card for this liability by calling 1-800-2PAY-TAX or on the internet at http://www.officialpayments.com (Select "State Payments"). You will need to use Alabama Jurisdiction Code 1100. There is a convenience fee for this service. The fee is based on the amount of your tax payment and is paid directly to Official Payments Corporation.

# IMPORTANT:

Letter Id:  L1736148576

The department will accept and credit any voluntary payments made to your liability. Voluntary payments will not delay further processing of your file.  Further processing may include entry of an assessment, filing of a tax lien, and transfer of your file to the Collections Services Division.

Voluntary payments should include a copy of the most RECENT billing letter received by you from this division and should be mailed to the address shown on that letter.  Your payment should also include your social security number and the tax year.

You may request a formal payment plan agreement from the department for an **individual income tax return liability**.  Please visit My Alabama Taxes (MAT) at https://myalabamataxes.alabama.gov to submit a payment plan request.  Select "Individual Income Tax Payment Plan" hyperlink to enter the last 4 digits of your Social Security Number in addition to the letter ID of any letter received from the Alabama Department of Revenue (ADOR).

These are the payment options for the Income Tax Divisions only.  If you receive a notice from the Collection Services Division, you should pay the amount shown on the notice or contact that division immediately.

The balance shown on this letter will be valid until 15-Apr-2022.  If the amount is paid in full prior to this date, no additional interest will be added. If not paid in full prior to this date then additional interest will be added.



---

Please cut off and return with payment

**RV-1**

JUSTIN D WOODS
ID:                     R004084532

Voucher Type:           Billing Payment
Filing Period:          12/31/2019

**Mail Payment to:**
Alabama Department of Revenue
Income Tax Administration Division
Correspondence & Assessment Unit
PO Box 327420
Montgomery, AL 36132-7420
Phone: 334-353-0775
Fax: 334-353-2282

Tax Type:                              IIT

Control:                        8022733764R

Amount Due:                       $7,161.16





# State of Alabama
# Department of Revenue
(www.revenue.alabama.gov)
50 North Ripley Street
Montgomery, Alabama 36132

Letter Id:  L0338658912

## NOTICE OF FINAL ASSESSMENT OF INDIVIDUAL INCOME TAX

Mailing Address:

JUSTIN D. & KELLEY A. WOODS
1015 DEARBORN ST
MUSCLE SHOALS, AL  35661-3005

Billing ID:  19799307205R



STATE OF ALABAMA
     -VS-
JUSTIN D WOODS  and  KELLEY A WOODS
1015 DEARBORN ST
MUSCLE SHOALS, AL 35661-3005

Type of Tax: Individual Income Tax
Taxpayer Identification #: XXX-XX-5867/XXX-XX-4599
Tax Period: 12/31/2020

Under the provisions of §40-2A-7(b), Code of Alabama 1975, the Alabama Department of Revenue
hereby enters a final assessment against the taxpayer named above for the following period(s):
FY(s) ending 12/31/2020

| | |
|---|---|
| Tax | $3,435.00 |
| Interest | $85.83 |
| Late Payment Penalty | $137.40 |
| BALANCE NOW DUE | $3,658.23 |

You have the right to appeal this final assessment to either the Alabama Tax Tribunal or to circuit court.
The appeal must be made within thirty days from the date of mailing or personal service, whichever
occurred earlier, and in strict compliance with the procedures located on the reverse of this notice. Failure
to pay or appeal this assessment may result in the recording of a tax lien and initiation of collection
procedures. If you are in a bankruptcy case, see important information on the reverse side.

Entered: March 17, 2022

STATE OF ALABAMA
DEPARTMENT OF REVENUE

By: _____Curtis E. Stewart_____
Deputy Commissioner of Revenue

**ALABAMA DEPARTMENT OF REVENUE**
**Final Assessment Appeal Rights**
**Code of Alabama 1975, Section 40-2A-7(b)(5)**

Letter Id:  L0338658912

1. You may appeal your final assessment to the Alabama Tax Tribunal. To do so, you must notify the Tax Tribunal Chief Judge in writing of your intent to appeal. The written appeal notice should contain your name, address, telephone number, type of tax, and the tax period(s) being appealed. Your notice of appeal must also contain a detailed statement of the specific reasons for your appeal. Your appeal may be dismissed if you fail to specify your objections to the final assessment in your notice of appeal. Attach a photocopy of the final assessment to your notice of appeal. If you choose to appeal to the Alabama Tax Tribunal, you must file your written notice of appeal within thirty (30) days from the mailing or personal service date of the final assessment, whichever occurred earlier, with the Alabama Tax Tribunal at the following address:

**Alabama Tax Tribunal**
**7515 Halcyon Summit Drive, Suite 103**
**Montgomery, AL 36117**

2. In the alternative, you may elect to appeal your final assessment to the circuit court. This may be done in either Montgomery County, Alabama, or in the circuit court of the Alabama county in which you reside or have your principal place of business. The written appeal should contain your name, address, telephone number, type of tax, and tax period(s) being appealed.

If you choose to appeal to circuit court, you must file your written notice of appeal within thirty (30) days of the final assessment mailing or personal service date, whichever occurs earlier, with both the Secretary of the Alabama Department of Revenue and the clerk of the circuit court in the county where you file your appeal. Mail the Revenue Department copy to the following address:

**Secretary of the Department**
**Alabama Department of Revenue**
**P. O. Box 327001**
**Montgomery, AL 36132-7001**

Additionally, if you elect to appeal to the circuit court, you must either pay the assessment in full or post a supersedeas bond with the court for 125 percent of the amount of the assessment, file an irrevocable letter of credit with the court in an amount equal to 125 percent of the amount of the assessment, or file a pledge of collateral assignment of securities that constitute eligible collateral under Chapter 14A, Title 41, in an amount equal to 200 percent of the assessment. However, if you have a total net worth of $250,000 or less, you may qualify for a special exception, which provides for the filing of an appeal without either paying the assessment or posting a bond first (§ 40-2A-9(g)(1), Code of Alabama 1975). For more information on this exception, you should contact the circuit court clerk in the county in which you plan to make your appeal.

If you do not wish to appeal this final assessment, your payment for the total amount should be attached to the notice and forwarded to the address shown on the final assessment. A final assessment which is not appealed is as conclusive as a judgment of a circuit court. The Department may then proceed with collection by execution, garnishment, or levy as provided by § 40-29-23, Code of Alabama 1975.

**BANKRUPTCY: If you have filed a bankruptcy and the automatic stay is in effect, the Department will not undertake procedures to collect this assessment outside of the bankruptcy case.  Please send your bankruptcy case information, including the bankruptcy case number to the following address or Fax:**

**Legal Division Bankruptcy Section**
**P.O. Box 320001**
**Montgomery, AL 36132-0001**
**Fax: (334)242-9782**

**IMPORTANT: IF YOU HAVE ANY QUESTIONS REGARDING YOUR FINAL ASSESSMENT OR IF YOU WANT PAYMENT INFORMATION, YOU SHOULD CALL THE TELEPHONE NUMBER PROVIDED WITH YOUR FINAL ASSESSMENT.**

ELECTRONIC PAYMENT OPTIONS: You can make payments online with just your Billing Letter ID and account number through My Alabama Taxes (MAT) at https://myalabamataxes.alabama.gov.

You may make a payment using a Discover/Novus, MasterCard, Visa or American Express card for this liability by calling 1-800-2PAY-TAX  or on the internet at http://www.officialpayments.com (Select "State Payments").  You will need to use Alabama Jurisdiction Code 1100. There is a convenience fee for this service. The fee is based on the amount of your tax payment and is paid directly to Official Payments Corporation.

# IMPORTANT:

Letter Id: L0338658912

The department will accept and credit any voluntary payments made to your liability. Voluntary payments will not delay further processing of your file. Further processing may include entry of an assessment, filing of a tax lien, and transfer of your file to the Collections Services Division.

Voluntary payments should include a copy of the most RECENT billing letter received by you from this division and should be mailed to the address shown on that letter. Your payment should also include your social security number and the tax year.

You may request a formal payment plan agreement from the department for an **individual income tax return liability**. Please visit My Alabama Taxes (MAT) at https://myalabamataxes.alabama.gov to submit a payment plan request. Select "Individual Income Tax Payment Plan" hyperlink to enter the last 4 digits of your Social Security Number in addition to the letter ID of any letter received from the Alabama Department of Revenue (ADOR).

These are the payment options for the Income Tax Divisions only. If you receive a notice from the Collection Services Division, you should pay the amount shown on the notice or contact that division immediately.



The balance shown on this letter will be valid until 15-Apr-2022. If the amount is paid in full prior to this date, no additional interest will be added. If not paid in full prior to this date then additional interest will be added.

---

Please cut off and return with payment

**RV-1**

JUSTIN D WOODS

| | | |
|---|---|---|
| ID: | R004084532 | Tax Type: IIT |
| | | Control: 19799307205R |
| Voucher Type: | Billing Payment | |
| Filing Period: | 12/31/2020 | |
| | | Amount Due: $3,658.23 |

**Mail Payment to:**
Alabama Department of Revenue
Income Tax Administration Division
Correspondence & Assessment Unit
PO Box 327420
Montgomery, AL 36132-7420
Phone: 334-353-0775
Fax: 334-353-2282



8

The first section of H.R. 13955 amends the Bretton Woods Agreements Act by adding Sections 24, 25 and 26 to the Act. Section 24 is the key section. It authorizes the U.S. Governor of the International Monetary Fund, the Secretary of the Treasury, to accept the amendments to the Articles of Agreement of the Fund. These amendments to to Articles are contained in the IMF Board of Governors resolution 31–4. It is this document that contains the provisions that move the exchange rate system from a fixed rate system to a floating rate system, substantially reduce the role of gold in the international monetary system, expand the quotas of the Fund by 33.6 percent, establish a Trust Fund and more lenient access to the Fund's resources, and modernize the operations of the Fund to include authority to create a Fund Council. The Council would be composed of finance ministers and would replace the current Interim Committee.

Section 25 specifically authorizes the increase in the U.S. quota in the IMF. The increase is 1.705 million Special Drawing Rights (SDR) or approximately $2 billion. The SDR value is based on an average daily value of 16 international currencies and fluctuates daily. Presently, the U.S. quota is SDR 6,700 or approximately $8 billion. The U.S. quota expansion is less than the general one-third expansion of the Fund's resources, therefore the U.S. percentage in the Fund drops from 22.93 percent to 21.53 percent. Roughly every five years since 1958–59, the Fund's resources have been increased to keep in step with the growth of international monetary resources and trade. This one-third increase is the fourth expansion.

Section 26 was added on the floor of the House of Representatives. It instructs the U.S. Governor to the IMF to vote against the formation of the new IMF Council if the Council will not follow the practice of weighted voting. Weighted voting provisions of the Fund are stated in Article XII. Section 5. They apply to all organs of the Fund and all votes. The addition of Article 26 has the effect of expressing the sentiment of the Congress that weighted voting in the Council is desirable.

Section 2 of H.R. 13955 was inserted by House Committee action and amends Section 3 of the Bretton Woods Agreements Act. Section 3 deals with the "Appointment of Governors. Executive Directors, and Alternates." The amendment anticipates the formation of the IMF Council by stipulating that if the Council is formed, the U.S. Governor of the Fund will serve as Councilor and have the authority to designate an alternate and associates. The second part of the amendments prohibits the Councilor, his alternate or associates from receiving salary or other compensation from the U.S. Government. This is standard language for all U.S. legislation on international financial institutions. The U.S. Secretary of the Treasury receives no compensation for representing the United States. The other positions are paid by the institution. The provision prohibits double salary payments.

The third section is a House provision which amends Section 5 of the original Act. Section 5 prohibits specific acts of the Executive Branch without prior Congressional authorization. H.R. 13955 amends Section 5 by adding part (g). Part (g) will prohibit the U.S. Governor to vote for the establishment of any new trust funds at the IMF without the prior approval of the Congress. The amendment reflects House sentiment that the Trust Fund, with its concessional lending

IRS Department of the Treasury
Internal Revenue Service

Frivolous Return Prog., Stop 4450          In reply refer to:  1000144075
OGDEN  UT  84201-0059                       Mar. 03, 2022  LTR 3176C   0
                                            ***-**-5867  202012 30
                                            Input Op:  1486962536 00015076
                                                          BODC: WI


        JUSTIN D & KELLEY A WOODS
        1015 DEARBORN ST
        MUSCLE SHOALS  AL  35661-3005



        Taxpayer identification number:    ***-**-5867
                            Form:    1040
                      Tax periods:    Dec. 31, 2020

        Employee identification number:    1000144075 W/S-4450
               Contact telephone number:    866-883-0235
                     Contact fax number:    855-853-4251

Dear Taxpayer:

You filed a purported tax return for the tax periods above that
claimed one or more frivolous positions or reflected a desire to delay
or impede administration of the tax laws. If you don't immediately
correct your return, we'll assess a $5,000 penalty against you.

WHY WE ARE CONTACTING YOU

Based on Internal Revenue Code Section 6702, Frivolous Tax
Submissions, we determined the information you filed as a purported
tax return, on July 22, 2020 is frivolous and there is no basis in the
law for your position.

Federal courts, including the Supreme Court of the United States, have
considered positions like yours and repeatedly rejected them as
without merit. Publication 2105, Why do I have to Pay Taxes?, includes
examples of frivolous positions and arguments regarding the U.S. tax
system under the heading "Don't Fall for These Arguments." Notice
2010-33 provides detailed information on positions identified as
frivolous under Section 6702.

People who violate the tax laws may be subject to federal criminal
prosecution and imprisonment. For information about the IRS criminal
enforcement program visit www.irs.gov/ciprograms.

You included a position that has no basis in the law. You're
attempting to avoid or reduce tax liabilities or to secure a refund
to which you're not entitled.

                    WHAT YOU NEED TO DO

To avoid this penalty, send us a corrected return for each taxable
period listed at the top of this letter within 30 days from the date
of this letter. Once we receive your corrected returns, we'll

```
                                                    1000144075
                              Mar. 03, 2022  LTR 3176C   0
                              ***-**-5867  202012 30
                              Input Op:   1486962536 00015077
```

JUSTIN D & KELLEY A WOODS
1015 DEARBORN ST
MUSCLE SHOALS  AL  35661-3005


disregard the previous documents you filed and won't assess the
frivolous tax return penalty for each corrected return you filed.

Attach this letter to your corrected returns and mail it to the return
address at the top of this letter.

If you have questions or concerns regarding the information requested
or response timeframes, please contact the number listed at the top of
the letter.

## IF YOU DON'T SEND A CORRECTED RETURN

If you don't file the corrected returns within 30 days from the date
of this letter, or if you submit additional documents asserting a
frivolous position, we will assess the $5,000 penalty for each
purported tax return containing a frivolous position and send you a
bill. If you filed a joint frivolous return, both you and your spouse
will be assessed a $5,000 penalty. Internal Revenue Code Section 6702
provides us the authority to assess this penalty.

In addition, if we don't hear from you within the 30-day timeframe, we
may issue a notice of deficiency for any taxes owed because of the
frivolous submission or other items we may find during an examination.
A notice of deficiency states the amount of additional tax and
penalties you owe and explains your right to contest the deficiency by
filing a petition with the United States Tax Court. The $5,000
frivolous filing penalty is not included in the notice of deficiency
and cannot be contested in that Tax Court proceeding.

## ADDITIONAL INFORMATION
For more information on positions identified as frivolous under
Section 6702 see: www.irs.gov/notice201033. If you don't have a
computer, consult a law library to access Notice 2010-33 in the
Internal Revenue Bulletin (I.R.B.). You can find additional
information in publication "The Truth About Frivolous Arguments"
available on-line only at www.irs.gov/frivolous.

For basic information about the tax system see Publication 2105, Why
do I have to Pay Taxes?. We also encourage you to seek advice from a
competent tax professional or a tax attorney qualified to practice in
your state.

You can get any of the forms or publications mentioned in this letter
by visiting www.irs.gov/forms-pubs or by calling 800-TAX-FORM
(800-829-3676).



**IRS** Department of the Treasury
Internal Revenue Service
Frivolous Return Prog., Stop 4450
OGDEN UT 84201-0059

JUSTIN D & KELLEY A WOODS
1015 DEARBORN ST
MUSCLE SHOALS  AL  35661-3005

*Refused for cause* (handwritten)

CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.

The IRS address must appear in the window.            Use for payments
                                    1000144075
   BODCD-                                     Letter Number: LTR3176C
                                              Letter Date  : 2022-03-03
                                              Tax Period   : 202012

*247695867*

INTERNAL REVENUE SERVICE                 JUSTIN D & KELLEY A WOODS
Frivolous Return Prog., Stop 4450        1015 DEARBORN ST
OGDEN UT  84201-0059                     MUSCLE SHOALS  AL  35661-3005

247695867 ZJ WOOD 30 0 202012 670 00000000000